UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry M. Davis,

    Plaintiff,

v.                                                                         Civil No. 09-2563 (JNE/FLN)
                                                                        ORDER

Grinnell Mutual Reinsurance Company,

    Defendant.

Plaintiff sued Defendant for breach of an insurance policy alleging Defendant failed to adequately compensate Plaintiff for hail damage to his property. A jury heard the dispute. After the close of evidence, but before the jury returned a verdict, Defendant moved for judgment as a matter of law on all of Plaintiff's claims. Fed. R. Civ. P. 50(a). The Court heard oral argument from both sides and took the matter under advisement.

**I.     BACKGROUND**

The plain language of Plaintiff's insurance policy allows for recovery of the cost to repair or replace dwellings and other structures damaged by hail. (Insurance Policy, Def.'s Ex. 1, at 14) Plaintiff presented evidence on the cost to replace damaged portions of the structures on his property through the expert testimony and report of Mr. Ronald Hetland. (Pl.'s Ex. 159) Defendant presented evidence on the cost and feasibility of repairing the damage to Plaintiff's structures through the testimony of expert Mr. Richard Herzog and adjustor Mr. Kevin Hieber to include Mr. Hieber's repair estimate. (Def.'s Ex. 21)

Plaintiff also claims damage to items of personal property—namely a large amount of patio furniture. Plaintiff's insurance policy only provides compensation in the amount of actual cash value for any damaged personal property where the insured has not yet replaced the

damaged items. (Insurance Policy, Def.'s Ex. 1, at 13-14) It is undisputed that Plaintiff did not replace any of the damaged personal property items. During the course of trial, the only evidence Plaintiff presented regarding the value of his damaged personal property was a report and testimony by Mr. Hetland detailing the replacement cost, not the actual cash value of the items. (Pl.'s Ex. 159)

## II.  DISCUSSION

### A. Legal standard

Rule 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). The court must draw all reasonable inferences in favor of the non-moving party. *Roberson v. AFC Enterprises, Inc.*, 602 F.3d 931, 933 (8th Cir. 2010); *Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc.*, 439 F.3d 894, 900 (8th Cir. 2006). And the court must deny the motion if reasonable jurors could draw different conclusions based on the evidence presented. *Roberson*, 602 F.3d at 933. "[J]udgment as a matter of law is appropriate '[w]hen the record contains no proof beyond speculation to support [a] verdict.'" *Arabian Agric. Servs. Co. v. Chief Indus., Inc.*, 309 F.3d 479, 482 (8th Cir. 2002) (quoting *Sip-Top, Inc. v. Ekco Group, Inc.*, 86 F.3d 827, 830 (8th Cir. 1996)).

### B.   Dwelling and Other Structures

In order for Defendant to succeed on a motion for judgment as a matter of law, there must not be a "legally sufficient evidentiary basis" for the jury to find for Plaintiff on a particular issue. Fed. R. Civ. P. 50(a)(1). The insurance policy allows for repair or replacement of damaged

structures. (Insurance Policy, Def.'s Ex. 1, at 14) During trial, the amount required to replace versus repair Mr. Davis's roofs, garage doors, windows and deck were disputed and evidence was presented on both the cost to repair and replace these items. Thus, the parties presented a factual issue with a sufficient evidentiary basis for the jury to make a decision. The Court denies Defendant's motion for judgment as a matter of law as to damage to Plaintiff's dwelling and structures and the jury verdict stands.

**C.    Personal Property**

As Plaintiff has not actually replaced any damaged items, his insurance policy only provides reimbursement in the amount of actual cash value. Plaintiff failed to present any evidence of the actual cash value of his damaged patio furniture. The jury would have had to use mere "speculation to support [their] verdict." *Sip-Top*, 86 F.3d at 830. Thus, there was no evidentiary basis for a jury to determine actual cash value of Plaintiff's personal property. Due to this lack of evidence, the Court instructed the jury to exclude personal property from any award of damages. Defendant's motion for judgment as a matter of law as to Plaintiff's personal property is granted.

### III.    CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for judgment as a matter of law on Plaintiff's claim of damage to his dwelling and other structures is DENIED.

2. Defendant's motion for judgment as a matter of law on Plaintiff's claim of damage to his personal property is GRANTED.

3. The jury verdict stands.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 27, 2011

                                              s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge